UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DUNCKHURST,<br><br>    Petitioner,<br><br>  v.<br><br>CONNIE GIBSON,<br><br>    Respondent. | Case No.: 1:13-cv-01096-AWI-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND, DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK § 2254 FORM PETITION, AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 17, 2013. Petitioner raises the following five claims for relief: (1) ineffective assistance of appellate counsel; (2) violation of his right to a speedy trial; (3) the restitution fine was imposed in violation of his due process rights; (4) there is insufficient evidence to support his convictions; and (5) the trial court imposed an illegal sentence.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

1

Governing Section 2254 cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to "state the facts supporting each ground" for relief. Rule 2(c)(2), 28 U.S.C. § 2254. A "petitioner is required to allege facts with sufficient specificity to support his claim for relief." Wacht v. Cardwell, 604 F.2d 1245, 1246 (9th Cir. 1979). "Bald assertions and conclusory allegations" are insufficient. Id. at 1247 n.2. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory. Hendricks v. Vasquez, 908 F.3d at 491. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### A.   Analysis of Claims

As previously stated, Petitioner raises the following claims for relief in the instant petition: (1) ineffective assistance of appellate counsel; (2) violation of his right to a speedy trial; (3) the restitution fine was imposed in violation of his due process rights; (4) there is insufficient evidence to support his convictions; and (5) the trial court imposed an illegal sentence. The Court will analyze the cognizability of each claim separately.

#### 1.   **Ineffective Assistance of Counsel**

Petitioner contends that appellate counsel Laura P. Gordon failed to mount "all legal defense set for the charges." Petitioner also contends that if he "made available grounds which counsel Laura P. Gordon did not list in appeal … counsel[']s performance was ineffective. …" (Pet. at 4.)

Petitioner's claim is too vague and conclusory for the Court to ascertain the exact nature of Petitioner's allegations of counsel's ineffectiveness. Without a sufficient basis as to the acts in which Petitioner claims appellate counsel was ineffective, the Court cannot proper analyze his claim. Accordingly, Petitioner must file an amended petition to cure such defect.

#### 2.   **Due Process-Speedy Trial Right**

Petitioner contends his due process right to a speedy trial was violated because the prosecution asked for fourteen continuances for the trial to proceed. The fact that the prosecution may have requested fourteen continuances prior to trial does not in and of itself demonstrate a violation of Petitioner's right to a speedy trial. Petitioner fails to set forth sufficient factual details, including but

not limited to the dates of such alleged delays and any resulting prejudice thereto. Accordingly, Petitioner must amend the petition to provide such factual details.

### 3. Restitution/Fine

Petitioner contends that his constitutional rights were violated by the trial court's imposition of a restitution/fine without consideration of his ability to pay such fine.

Petitioner is advised that a constitutional challenge to the restitution/fine is not cognizable by way of § 2254. Pursuant to § 2254, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A challenge to the restitution/fine does not affect the fact or duration of petitioner's custody. See Bailey v. Hill, 559 F.3d 976, 979-980 (9th Cir. 2010 (concluding that the court lacked jurisdiction over a habeas petition that challenges restitution order because the requirement that restitution be paid "is not by ordinary meaning a part of [petitioner's] custody."); Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (limiting § 2254 habeas to challenges to fact or duration of custody); United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) (finding challenge to restitution fine not cognizable on habeas). Therefore, Petitioner's challenge to the restitution/fine is not cognizable by way of habeas corpus petition and is subject to dismissal.

### 4. Insufficient Evidence

Petitioner contends that his conviction was obtained as a result of evidence that was insufficient to sustain a verdict of guilt. In support of this claim, Petitioner makes vague reference to the recovery of weapon which he claims does not support his conviction. However, Petitioner's claim is completely vague and devoid of factual circumstances to support his claim that there was insufficient evidence to support his convictions of assault with and possession of a deadly weapon. Petitioner must amend the petition to allege how and what facts are insufficient as to each of his convictions which resulted in a constitutional violation.

///

///

**5.     Sentencing Error**

Petitioner contends the trial court imposed an illegal sentence in violation of People v. Duran, 16 Cal.3d 282 (1976).

Under AEDPA, the Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, the petition, with respect to Petitioner's sentencing claim, makes no reference to any federal law or constitutional provision. Rather, Petitioner alleges error solely under state law. Federal habeas relief is not available for violations of state law or for alleged errors in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, Petitioner must amend this claim to specifically allege a constitutional violation based on the alleged sentencing error.

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is dismissed with leave to amend;
2. The Clerk of Court is directed to forward Petitioner a blank § 2254 form petition;
3. Within thirty (30) days from the date of this order, Petitioner shall file an amended petition. Petitioner is advised that pursuant to Local Rule 220, the amended petition, must be "complete in itself without reference to the prior petition"; and
4. Failure to comply with this order will result in a recommendation that the petition be dismissed for failure to comply with a court order. Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 29, 2013**                     _____
                                                  UNITED STATES MAGISTRATE JUDGE

4