IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN DUNCKHURST,**<br><br>                              Petitioner,<br><br>      v.<br><br>**CONNIE GIPSON,**<br><br>                              Respondent. | Case No. 1:13-cv-01096-AWI-MJS<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AS MOOT**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(Docs. 32, 41)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

On June 16, 2015, this Court denied the petition and declined to issue a certificate of appealabilty. (Order, ECF No. 35.) Judgment was entered the same day.

Despite the fact that the Court declined to issue a certificate of appealability when denying the petition, on June 26, 2015, Petitioner filed a motion requesting the Court to issue a certificate of appealabilty. (ECF No. 38.) Petitioner also moved the Court to appoint counsel. (ECF No. 32.)

On June 16, 2015, this Court dismissed Petitioner's petition with prejudice and declined to issue a certificate of appealability. The Court based its dismissal on the reasoning set forth in the detailed findings and recommendation issued by the

Magistrate Judge on April 29, 2015. In doing so, the Court determined that the state court was not unreasonable in denying Petitioner's claims for relief. The Court found that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

Petitioner appealed, and on March 10, 2016, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (ECF No. 41.) The order effectively concluded his appeal. Having already found that Petitioner is not entitled to a certificate of appealability and that his appeal is no longer active, the Court DENIES the motion as moot, and DECLINES to issue a certificate of appealability.

Furthermore, Petitioner is not entitled to the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   March 14, 2016                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE